GEORGE H. MITCHELL, trustee, *vs.* JOHN J. ORMOND.

Suffolk. December 6, 1932. — February 16, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Trust,* Construction of instrument creating trust, Trustee's compensation.

A voluntary trust with shares of stock was organized with a single trustee, and the declaration of trust provided that the trustee might retain, from money coming into his hands as such, a certain sum per annum as salary for his services. A short time later two additional trustees were joined with the original trustee and this was ratified by an amendment to the declaration of trust, which amendment provided that so far as "any provisions of the original Declaration of Trust . . . may be deemed inconsistent herewith, the terms hereof shall be considered as controlling." *Held,* that

(1) The salary provided for the sole trustee in the original declaration of trust did not survive the great change which was made in his position and duties by the amendment;

(2) After the amendment, the original trustee was entitled only to fair compensation.

BILL IN EQUITY, filed in the Superior Court on May 2, 1929, and afterwards amended, for an accounting.

The suit was referred to a master. Material findings by him are stated in the opinion. By order of *Weed,* J., there were entered an interlocutory decree overruling an objection by the defendant to the master's report and confirming it as modified in certain particulars; and a final decree in favor of the plaintiff. The defendant appealed from each decree.

The case was submitted on briefs.

*J. M. Graham,* for the defendant.

*F. Killam,* for the plaintiff.

LUMMUS, J. The plaintiff, as trustee of a voluntary association (described as a voluntary trust) having shares of stock, called Ormond Multicolor Printing Company, brings this bill for an accounting against the defendant, a predecessor as trustee. The defendant was sole trustee from the organization of the association on August 25, 1922, until two other persons were joined with him as trustees on April 9, 1923, and was one of three trustees from that date until April 30, 1927, when all three resigned. The plaintiff succeeded them in January, 1928.

After the confirmation of a master's report, a final decree was entered, ordering the defendant to pay certain sums to the plaintiff. The defendant appealed. The only question argued relates to the salary of the defendant as trustee from April 9, 1923, to April 30, 1927, while he acted as one of three trustees. The master found as follows upon this question: "Ormond is also to be credited with the sum of $2,500 on account of salary for services rendered by him to the 'Ormond Multicolor Printing Company' as a cotrustee and as an inventor during the period from April 9, 1923, to April 30, 1927. The sum of $2,500 is fair, reasonable and adequate compensation for services rendered by Ormond during that period taking into consideration the fact that beginning with April 9, 1923, Ormond was only one of three trustees and that he was relieved on that date of the duty of attending to the business management of the trust and also taking into consideration the fact that for certain periods during that time he was occupied on business not connected with the business of the 'Ormond Multicolor Printing Company.'" The defendant's exception, which was overruled, to that finding was based on a passage in the original declaration of trust, dated August 25, 1922, under which the defendant was sole trustee, which read as follows: "The said John Joseph Ormond, as salary for his services as such Trustee, and as an inventor, in the improvement of the said fundamental

invention or inventions held by him as such Trustee, shall
be entitled to receive, take and retain, the sum of Six
Thousand Dollars ($6,000) per annum; out of any sums
coming into his hands as such Trustee, weekly, monthly, or
otherwise as he may see fit."

By the amendment to the declaration of trust, dated
July 9, 1923, by which the appointment of two additional
trustees on April 9, 1923, was ratified and confirmed, it was
provided that "In so far as any provisions of the original
Declaration of Trust, or of said instrument of April 9,
1923 amending such Declaration of Trust, may be deemed
inconsistent herewith, the terms hereof shall be considered
as controlling." We think the salary provided for the de-
fendant in the original declaration of trust did not survive
the great change which was made in his position and duties
in 1923, and that thereafter he was entitled only to fair
compensation. In the absence of the evidence, we have
no means of revising the amount of the allowance made
by the master to the defendant and credited to him in
determining the amount of the final decree.

*Decree affirmed with costs.*